RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 9/13/10
BY ___

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| NEWMAN MARCHIVE PARTNERSHIP | |
| versus | CIVIL ACTION NO. 06-1664<br>JUDGE TOM STAGG |
| KEITH HIGHTOWER, Individual Capacity; CEDRIC GLOVER, In His Official Capacity as Mayor of the City of Shreveport; CITY OF SHREVEPORT | |

## MEMORANDUM RULING

Before the court is the plaintiff's supplemental memorandum as to the amount of damages. The memorandum also includes an application for attorney's fees. See Record Document 72. The defendants have filed a response to this memorandum, and the plaintiff has filed a reply to this response. See Record Documents 73-74. For the reasons set forth below, the plaintiff's request for damages is **GRANTED**.

## I. BACKGROUND

On August 18, 2010, this court issued a memorandum ruling addressing the plaintiff's and defendants' cross motions for summary judgment. See Record Document 70. As to each motion, the court granted in part and denied in part the requests of the parties. The court invited the parties to submit supplemental briefing

as to the amount of damages that Newman Marchive Partnership, Inc. ("Newman") is entitled to receive and the parties complied. See id. and Record Documents 72-74.

## II. ANALYSIS

Newman not only tendered briefing regarding damages, but also submitted a detailed request for attorneys fees. This court agrees with the defendants that Newman's request for attorneys fees does not comply with the dictates of Rule 54 of the Federal Rules of Civil Procedure. See Record Document 73 at 10-13. Accordingly, the court will not address Newman's request for attorneys fees at this time. Newman may resubmit its request for attorneys fees in the form and in the time frame outlined in Rule 54. See Fed. R. Civ. P. 54.

In contrast, the damages issue, having been fully briefed and submitted in accordance with the time lines set by the court, is now ripe for adjudication. The court finds that Newman has proven that it has suffered actual injury as a result of the defendants' violations of constitutional rights. This injury is not simply of abstract value, but is determinable by simple mathematical calculation. In fact, the parties have agreed as to the exact amount of total principal and accrued interest remaining to be paid under the two state court judgments at issue in this case. See Record Document 74.[1] Thus, damages will be awarded to Newman in accord with Newman's

---

[1] The court has received a letter from counsel for the defendants, in which defense counsel confirms that he is in agreement with the calculations Newman has tendered to this court in Record Document 74. This letter will be entered into the record.

calculations.

## III. CONCLUSION

Based on the foregoing analysis, Newman's request for damages contained in its supplemental memorandum (Record Document 72) will be **GRANTED**. The Mayor of the City of Shreveport, in his official capacity, and the City of Shreveport should tender to Newman payment for damages in the amount of $231,541.84 plus $18.98 per day for each day this judgment remains unpaid during the remainder of the calendar year of 2010.

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 13th day of September, 2010.

JUDGE TOM STAGG